UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERARD JUNTILLA and DIXIE JUNTILLA,<br><br>Plaintiffs,<br><br>v.<br><br>RESI HOME LOANS IV, LLC f/k/a AMERICAN HOME MORTGAGE, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY; WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 2:12-cv-00790-MMD-PAL<br><br>ORDER<br><br>(Motion to Remand - dkt. no. 6; Motion for Hearing – dkt. no. 7; and Request for Ruling – dkt. no. 41) |

This case comes before the Court through Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Petition for Removal. There are multiple pending motions. Plaintiffs have requested an expedited ruling on their Motion to Remand and Motion to Dismiss. The Court grants their request in part and issues a decision on Plaintiffs' Motion to Remand. Plaintiffs' Motion to Remand (dkt. No. 6) is denied.

**I.   BACKGROUND**

Plaintiffs filed their Complaint in the Eighth Judicial District Court in Clark County, Nevada on April 18, 2012. The claims are premised on Plaintiffs' refinancing of real property in Clark County, Nevada, and the subsequent non-judicial foreclosure proceedings. The Complaint alleges that Plaintiffs are residents of Clark County, Nevada, and that Defendants are foreign entities with principal place of business in other

states. (Complaint (dkt. No. 1), ¶ 4.) The Complaint alleges claims for violation of the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA"), along with a number of state laws fraud based claims and claims for slander of title, quiet title, wrongful foreclosure and violation of Nevada statutes.

On April 25, 2012, Plaintiffs effectuated service on Wells Fargo Bank. Wells Fargo timely filed its Petition for Removal on May 11, 2012.

## II. ANALYSIS

Wells Fargo removed on the basis of federal question and diversity jurisdiction. Plaintiffs argue that there is no diversity of citizenship and no federal question. The Court will address both grounds for removal.

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). If removal was improper and the federal court lacks jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is placed on the party seeking removal. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

A district court analyzes jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998). The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question exists if the rights asserted are based on federal law. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1211-12 (9th Cir. 1980).

As stated, the Complaint alleges claims arising under RESPA, TILA and FDCPA. These claims involve interpretation of federal law. The Complaint also alleges that the

court has subject matter jurisdiction under 28 U.S. C. § 1331 because the claims for relief arise under 12 U.S.C. §§ 2605 (RESPA).  (Complaint (dkt. no. 1), ¶ 2.)  The Court has original jurisdiction over these claims.  Because the state law claims are all based on the same set of facts, the Court may adjudicate these claims pursuant to the doctrine of supplemental jurisdiction.  28 U.S.C. § 1441(c); 28 U.S.C. § 1367.

In addition, removal was also proper based on diversity jurisdiction.  In their Motion to Remand, Plaintiffs challenge the domicile of the corporate defendants.  However, the Complaint set forth the state of incorporation and principal place of business of the named defendants and does not allege that any defendant was incorporated in Nevada or has its principal place of business in Nevada.  (Complaint (dkt. no. 1) at 3-5.)  Plaintiffs do not dispute that the amount of controversy is satisfied.  In fact, the Complaint alleges damages in excess of $450,000.00.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand (dkt. no. 6) is DENIED.

IT IS ORDERED that Plaintiffs' Motion for Hearing on Plaintiffs' Motion to Remand (dkt. no. 7) is denied.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Expedited Ruling (dkt. no. 41) is GRANTED IN PART and DENIED IN PART.

DATED THIS 29th day of August 2012.

_____
UNITED STATES DISTRICT JUDGE