UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERARD JUNTILLA and DIXIE JUNTILLA,<br><br>Plaintiffs,<br><br>v.<br><br>RESI HOME LOANS IV, LLC f/k/a AMERICAN HOME MORTGAGE, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY; WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 2:12-cv-00790-MMD-PAL<br><br>ORDER<br><br>(Motion to Extend Time to File Statement of Facts – #10;<br><br>Motion to Dismiss or Motion for Summary Judgment – #12;<br><br>Joinder to Motion to Dismiss or Motion for Summary Judgment – #17;<br><br>Motion to Quash Service of Process – #26;<br><br>Motion for Hearing or Decision – #33;<br><br>Motion to Dismiss Without Prejudice – #39). |

**I.   SUMMARY**

Before the Court are four motions:  Plaintiffs' Motion to Extend Time to File Statement of Facts (dkt. no. 10) and Motion to Voluntarily Dismiss Without Prejudice (dkt. no. 39); Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss Plaintiffs' Complaint or alternatively Motion for Summary Judgment (dkt. no. 12), Motion to Quash Service of Process (dkt. no. 26), and Motion for Hearing or Decision (dkt no. 33).  Defendant RESI Home Loans IV, LLC ("RESI") joins Wells Fargo's Motion to Dismiss (dkt. no. 17).

## II. BACKGROUND

This case arises from Plaintiffs' refinancing of real property in Clark County, Nevada and the subsequent non-judicial foreclosure proceedings. The Complaint alleges the following facts:[1]

### A. Liens Secured against the Property

On or about November 29, 2005, Plaintiffs executed a Deed of Trust and a Note for $318,672.12. The November 2005 Deed of Trust stated that Citigroup Trust Bank, FSB was the Lender and Beneficiary, MERS was the nominee for the Beneficiary, and Verdugo Trustee Service Corporation was the Trustee. The November 2005 Deed of Trust was secured by the property located at 9554 Meridian Park Avenue, Las Vegas, Nevada, 89147 (herein after "Property").[2]

On or about April 5, 2007, Plaintiffs executed a second Deed of Trust and Note for $58,901.00. The April 2007 Deed of Trust stated that Wells Fargo, N.A. was the Lender

---

[1] Defendant Wells Fargo requests that the Court take judicial notice of certain deeds of trust, assignments, corrective assignment, notice of default, and notice of rescission recorded in the Clark County Recorder's Office as book and instrument numbers 20051219-0000211 (December 19, 2005 Deed of Trust), 20070503-0004496 (May 3, 2007 Deed of Trust), 20070711-0000343 (July 11, 2007 Deed of Trust), 20101104-0003015 (November 4, 2010 Assignment), 20110125-0000267 (January 25, 2011 Assignment), 20110414-0004264 (April 14, 2011 Assignment), 20110414-0004265 (April 14, 2011 Corrective Assignment), 20110706-0002570 (July 6, 2011 Notice of Default), and 20120306-0002016 (March 6, 2012 Notice of Rescission). (dkt. no. 13.) The listed documents are public documents on file in the Clark County Recorder's Office. Under Federal Rule of Evidence 201, the court may take judicial notice of any fact "not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.201(b). Although a Motion to Dismiss is generally made exclusively with reference to the pleadings, facts that are subject to judicial notice are appropriate considerations in evaluating the merits of a Motion to Dismiss. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (while in the context of a motion to dismiss all allegations of material fact are to be taken as true and construed in the light most favorable to the non-moving party, a court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice"). The Court accordingly takes judicial notice of these documents and grants Defendant Wells Fargo's request.
[2] This lawsuit deals exclusively with the foreclosure on this loan.

2

and Beneficiary, and American Securities Company of Nevada was the Trustee. The April 2007 Deed of Trust was secured by the Property.

On or about May 15, 2007, Plaintiffs executed a third Deed of Trust and Note for $30,000.00. The May 2007 Deed of Trust stated that E*Trade Mortgage Corporation was the Lender and Beneficiary and Fidelity National Title Agency of Nevada was the Trustee. The May 2007 Deed of Trust was secured by the Property.

**B.     Assignment of the First Deed of Trust and Note**

On November 4, 2010, an Assignment of Mortgage was recorded in the Clark County Recorder's Office, whereby Citigroup Trust Bank, FSB[3] assigned all beneficial interest in the November 2005 Deed of Trust and Note to MTGLQ Investors, L.P. On January 25, 2011, an Assignment of Deed of Trust was recorded in the Recorder's Office, where MTGLQ Investors assigned all beneficial interest in the 2005 Deed of Trust and Note to RESI Whole Loans IV, LLC. On April 14, 2011, two documents were recorded together. The first was an Assignment of Mortgage that was recorded in the Recorder's Office where Citigroup Trust Bank, FSB assigned all beneficial interest in the November 2005 Deed of Trust and Note to CitiMortgage, Inc. The second was a Corrective Assignment of Mortgagee, which was filed to correct the designated Assignor on the November 4, 2010 Assignment of Mortgage.

**C.     Plaintiffs' Default**

On or about May 2009, Plaintiffs stopped making payments on the November 2005 Deed of Trust secured loan ("November 2005 loan"). In August 2009, Plaintiffs applied for a loan modification on the November 2005 loan and were given a three month trial period, which lasted for almost nine months. In June 2010, Plaintiffs were informed that their application for a loan modification was denied. Plaintiffs disputed the denial. In June 2010, the application was re-evaluated. In October 2010, the November 2005 loan servicing was transferred to Litton Loan Servicing. Plaintiffs were told to re-

---

[3] The April 14, 2011 corrective assignment corrected this designated Assignor to CitiMortgage, Inc.

1  apply for a modification with Litton.  In December 2010, the November 2005 loan
2  servicing was transferred to American Home Mortgage Servicing ("AHMS").  Plaintiffs
3  were told to re-apply for a modification with AHMS.  Plaintiffs applied and were denied.
4  Thereafter, in June 2011, Plaintiffs again stopped making payments on the Property.  On
5  July 6, 2011, Fidelity National Title Insurance Company recorded the Notice of Breach
6  and Default and Election to Sell on behalf of Resi Whole Loan IV, LLC, the assigned
7  beneficiary.

### D.  Foreclosure Mediation

On July 21, 2011, Plaintiffs applied for the Foreclosure Mediation Program offered by the Nevada Supreme Court.  Beginning in August 2011, Plaintiffs continually contacted the related companies for a status update regarding the foreclosure, but received no response for several months.  On December 5, 2011, Plaintiffs attended the foreclosure mediation but the parties were unable to resolve the dispute, modify the loan, or make other arrangements.  The Mediator required additional information from Defendants but Defendants did not produce the required information. The Mediator's Statement was hand delivered to Plaintiffs on the same day.  The Statement noted that the parties were unable to reach an agreement.

Thereafter, Plaintiffs filed their Complaint in the Eighth Judicial District Court in Clark County, Nevada on April 18, 2012. (dkt. no. 1, Ex. A.)  The Complaint alleges claims for (1) fraud, (2) violations of the Real Estate Settlement Procedures Act ("RESPA"), (3) violations of the Truth in Lending Act ("TILA"), (4) failure to comply with the Fair Debt Collection Practices Act ("FDCPA"), (5) fraudulent assignment, (6) notary fraud, (7) slander of title, (8) fraud in the concealment, (9) fraud in the inducement, (10) lack of standing to foreclose and collect a debt, (11) failure to comply with the Nevada Foreclosure Mediation Program and mediate in good faith, (12) violation of Nevada Foreclosure Mediation Program statutes and rules, (13) quiet title, and (14) declaratory relief.

III. **PLAINTIFF'S MOTION TO EXTEND TIME TO FILE STATEMENT OF FACTS, #10, WELLS FARGO'S MOTION TO QUASH SERVICE OF PROCESS, #26, WELLS FARGO'S MOTION REQUESTING HEARING OR DECISION, #33, PLAINTIFF'S MOTION TO DISMISS COMPLAINT WITHOUT PREJUDICE, #39**

On June 12, 2012, Plaintiffs filed a Motion to Extend Time to File Statement of Facts and simultaneously filed their Statement of Facts. As Defendants did not object to the delayed filing, the Court grants this motion. (dkt. no. 10.)

The Court denies Wells Fargo's Motion to Quash Service of Process as this Motion was rendered moot on May 22, 2012, when Wells Fargo was properly served. (dkt. no 37.)

After filing its initial Motion to Dismiss, Defendant Wells Fargo filed another "Motion Requesting Hearing or Decision" on the initial motion. (dkt. no. 33.) The motion for hearing or decision is denied as moot in light of this Order.

In their Motion to Dismiss, Plaintiffs ask this Court to dismiss the Complaint without prejudice to allow Plaintiffs to re-file in state court. Although Plaintiffs couch this request in the form of a motion to dismiss, it is in fact a motion to remand for lack of subject matter jurisdiction. Plaintiffs argue that "Clark County District Court" has "absolute subject matter jurisdiction." (dkt. no. 39 at 4.) Plaintiffs contend that that "District Court of Clark County" should review the documentation because "this [C]ourt does not have a clear vision of the matter[s] that have transpired and of any documents that were presented to the Supreme Court of Nevada Mediation Program, mediator." (*Id.* at 15.) These arguments fail. The Court directs Plaintiffs to its 29 August 2012 Order (dkt no. 44), which held that this Court has both federal question and diversity jurisdiction over this case. Further, this Court has access to the same public records as the state court and is vested with authority to render final disposition of the matter. Plaintiffs' Motion to Dismiss is accordingly denied.

III. **MOTION TO DISMISS WITH PREJUDICE, #12**

**IV.** The Court turns its analysis to the Wells Fargo's Motion to Dismiss with Prejudice or alternatively Summary Judgment, joined by RESI. The Court will separately address claims against Wells Fargo and claims against RESI.

### A. Legal Standard

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

### B. Analysis

#### 1. Claims against Defendant Wells Fargo

Wells Fargo asserts that it should be dismissed from this case because it has no relationship to the disputed November 2005 Note and Deed of Trust or the foreclosure initiated against the Plaintiffs' Property. Wells Fargo explains that it holds an interest only in the second position Note and Deed of Trust, which is not in dispute in Plaintiffs' Complaint. Wells Fargo further contends that it has not participated in the non-judicial foreclosure of Plaintiffs' Property. A review of Plaintiffs' Complaint makes evident that

Wells Fargo has been wrongly joined as a party to this litigation and Plaintiffs have no viable claims against Wells Fargo. Accordingly, all claims against Wells Fargo are dismissed with prejudice.

### 2. Claims 4, 5, 7, 10, 13, and 14 against RESI

For claims four, five, seven, ten, thirteen, and fourteen, Plaintiffs rely on legal theories expressly rejected by this Court, namely "split the note" and "show me the note" theories. The District of Nevada and the Ninth Circuit have repeatedly rejected the theory that a party is not entitled to foreclose because the note was split from the Deed of Trust. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortgage Co.*, LLC, 761 F. Supp. 2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortgage Servs.*, 2012 WL 214302, at *4 (D. Nev., Jan. 24, 2012); *Parker v. GreenPoint Mortgage Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev., Nov. 1, 2011); *Wittrig v. First Nat'l Bank of Nev.*, 2011 WL 5598321, at *5-6 (D. Nev., Nov. 15, 2011).

Similarly, the "show me the note" argument upon which Plaintiffs' Complaint is premised has been rejected in Nevada. *See, e.g., Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304, 2009 WL 160241, *4-*5 (D. Nev. Jan. 22, 2009). Defendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure. *See* NRS § 107.080. Thus, dismissal of these claims is proper because the Complaint does not allow the court to draw a reasonable inference that the Defendant is liable for the alleged misconduct under any viable legal theory. In light of the cited precedent, dismissing these claims without prejudice would be improper because Plaintiffs cannot amend their Complaint to allege facts sufficient to support these allegations. The claims are dismissed with prejudice.

### 3. Claims 1, 6, 8, and 9 against RESI

Plaintiffs' fraud claims are insufficiently pled. Federal Rule of Civil Procedure Rule 9(b) requires that "circumstances constituting the fraud . . . shall be stated with particularity." Pleading fraud with particularity requires "an account of the time, place,

and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The Court holds that Plaintiffs fail to plead facts alleging any of their fraud-based claims with the requisite particularity. Plaintiffs allege that RESI "committed fraud and misrepresentation when they told Plaintiff [Dixie] that she must be in default in order to obtain a loan modification." (dkt. no. 1 at ¶ 121.) This allegation, however, does not give an account of the time, place, or identity of the party making the representation.

Plaintiffs also allege that because Defendants knew their actions related to the recorded documents were fraudulent, Defendants committed notary fraud, fraud in the concealment, and fraud in the inducement. But the Complaint lacks specific references regarding which Defendants were involved in the misrepresentation, what they knew, where the alleged collusion took place, or any other information that would allow Defendants to defend against the allegations.

Because Plaintiffs fail to plead the fraud-based allegations with particularity, the Court dismisses these claims.

Further, the Court dismisses these claims with prejudice because amending the Complaint would be futile. These claims fail as a matter of law. Under Nevada law, fraud occurs when a party intentionally makes a false representation to a plaintiff who in turn relies upon that false statement to his detriment. *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1017 (Nev. 2004).

As to claim 1 for fraud, Plaintiffs allege that RESI misrepresented that Plaintiffs needed to be in default to obtain a loan modification. Yet the alleged misrepresentation was made over a year after Plaintiffs were already in default and operating under a "trial modification." Thus, Plaintiffs could not have relied on the statement to their detriment. Plaintiffs cannot allege any additional facts consistent with the Complaint to cure this deficiency. Thus, this claim is dismissed with prejudice.

In claim 9 for fraud in the inducement, Plaintiffs allege Defendants misrepresented that they were the "holder and owner" of the Note and beneficiary of the Deed of Trust,

and thus, Defendants were attempting to collect a debt to which they were not entitled. This is a variation on the above mentioned "split the note/show me the note," argument and the claim is accordingly not viable. Thus, this claim is dismissed with prejudice.

Regarding claim 8 for fraud in the concealment, Plaintiffs allege that Defendants concealed the fact that the loans were securitized, pooled, split, and sold to multiple investors. However, Plaintiffs do not cite any authority to suggest that Nevada law would impose a duty to disclose these facts to borrowers. Thus, this claim is dismissed with prejudice.

As to claim 6 for notary fraud, the Court has reviewed every publicly recorded document associated with the subject parcel that the Complaint relies upon. The Court's review of the judicially-noticed recorded documents makes clear that the documents are legally sufficient and they contain no defect that would allow Plaintiffs to sustain a claim for notary fraud. As to each and every argument relating to the documentation, Plaintiffs' allegations are either factually incorrect[4] or not legally not actionable.[5] Thus, the Court dismisses all fraud-based claims with prejudice as amendment would be futile.

### 4.     Claims 2, 3, 11, and 12 against RESI

Claims two, three, eleven, and twelve are barred by their respective statutes of limitations. In claim two, Plaintiffs claim that Defendants violated § 2605 and § 2607 of the Real Estate Settlement Procedures Act ("RESPA"). Sections 2605 and 2607 are barred by a three-year and one-year statute of limitations, respectively. 12 U.S.C. § 2614. The statute of limitations period begins on the date of signing. *See e.g., Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010). These claims are therefore time-barred because the loan was signed on November 29, 2005.

Similarly, for claim three, any claim arising under the Federal Truth in Lending Act ("TILA") is limited by a one-year statute of limitations. 15 U.S.C. § 1640(e); *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986) (explaining that the limitations period runs from the

---

[4] Plaintiffs misread several dates of signature and/or recordation.
[5] Retroactive assignment only requires notarization at the time of execution.

date of the transaction). The statute of limitations period begins upon execution of the contract because plaintiffs possess all information relevant to the discovery of any non-disclosures at the time the documents of the loan are signed. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). As stated, the loan agreement in dispute was signed on November 29, 2005. This suit did not commence until almost seven years after signing. Thus, Plaintiffs' TILA claim is time-barred and is dismissed.

For claims eleven and twelve, under Nevada Foreclosure Mediation Program Rule 21, a plaintiff has 30 days from the date that the party to mediation received the Mediator's Statement to file any petitions for judicial review. Plaintiffs' Foreclosure Mediation Statement (dkt. no. 20 ex. 11) states that the mediator made the Statement on December 5, 2011 and that the Statement was delivered to Plaintiffs on the same day. Thus, Plaintiff's Complaint, which was filed on April 25, 2012, is untimely and the foreclosure mediation claims are time-barred.

For these reasons, claims two, three, eleven, and twelve are dismissed with prejudice.

## VI.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Extend Time to File Statement of Facts (dkt. no. 10) is GRANTED.

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' Complaint or alternatively Motion for Summary Judgment (dkt. no. 12), is GRANTED. The claims against Wells Fargo are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Quash Service of Process (dkt. no. 26) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion for Hearing or Decision (dkt. no. 33) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Dismiss without Prejudice (dkt. no. 39) is DENIED.

IT IS FURTHER ORDERED that claims against RESI are DISMISSED WITH PREJUDICE.

DATED THIS 26th day of November 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE