UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERARD JUNTILLA and DIXIE JUNTILLA,<br><br>Plaintiffs,<br><br>v.<br><br>RESI HOME LOANS IV, LLC f/k/a AMERICAN HOME MORTGAGE, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY; WELLS FARGO BANK, N.A., et al.,<br><br>Defendants. | Case No. 2:12-cv-00790-MMD-PAL<br><br>ORDER<br><br>(Motion to Amend Complaint – dkt. no. 50<br>Motion for Default Judgment – dkt. no. 59) |

**I.  INTRODUCTION**

Before the Court are Plaintiffs' Motion for Leave to Amend Amended Complaint ("Motion to Amend") (dkt. no. 50) and Motion for Default Judgment against Fidelity National Title Insurance Company ("Fidelity") (dkt. no. 59). For the reasons discussed below, these motions are denied.

The facts giving rise to this case are set out more particularly in the Court's prior Order entered on November 26, 2012. (Dkt. no. 57.)  In that Order, the Court addressed several pending motions, including Defendant RESI Home Loans IV, LLC's ("RESI") joinder to Defendant Wells Fargo's Motion to Dismiss.  (Dkt. no. 57.)  The Court dismissed with prejudice claims against RESI.

## II. DISCUSSION

### A. Motion to Amend

Plaintiffs seek leave to amend their complaint to add Homeward Residential, Inc. ("Homeward") based on Homeward's representation that it is erroneously named in this action as RESI. However, because the Court has dismissed with prejudice claims against RESI, Plaintiffs' proposed amendment to add Homeward is futile. Plaintiff's Motion to Amend is therefore denied.

### B. Motion for Default Judgment

Plaintiffs obtained a Clerk's Entry of Default against Defendant Fidelity on November 20, 2012. (Dkt. no. 53.) Plaintiffs now seek to enter default judgment against Fidelity.

It is axiomatic that proof of service of process is required to enter default judgment. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Service of a domestic or foreign corporation is controlled by Rule 4(h) and may be affected pursuant to the laws of the state where the court is located or where service is sought. 1 Moore's Federal Practice § 4.51[1] (3d ed.2008) (citing Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1)). In Nevada, "if the suit is against a foreign corporation," such as Fidelity, personal service must be made upon "an agent designated for service of process as required by law." Nev. R. Civ. P. 4(d)(2). If the foreign corporation has not designated an agent, service must be made "to the secretary of state or the deputy secretary of state, as provided by law."

Here, Plaintiffs' have not personally served Fidelity either through an agent or the secretary of state. Plaintiffs' proof of service shows only that the summons and complaint were sent to Fidelity via certified mail. (Dkt. no. 38 at 2.) However, such service is improper. Because Fidelity has not been properly served, Plaintiffs' Motion for Default Judgment is denied.

///

///

## VI. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Default Judgment is DENIED.

DATED THIS 3rd day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE