# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GERARD JUNTILLA, et al.,

          Plaintiffs,

vs.

FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al.,

          Defendants.

Case No. 2:12-cv-00790-MMD-PAL

**ORDER**

The court conducted a hearing on November 20, 2012, on the parties' competing proposed discovery plan and scheduling orders. Plaintiffs Gerard and Dixie Juntilla appeared pro se and I-Che Lai and Jeff Arletts appeared on behalf of the Defendants.

## BACKGROUND

The complaint in this case was filed in state court and removed (Dkt. #1) May 11, 2012. The Plaintiffs have asserted various claims for damages arising out of a non-judicial foreclosure of Plaintiffs' real property located at 9554 Meridian Park Avenue in Las Vegas, Nevada. Defendant Wells Fargo removed the complaint on federal question and diversity grounds alleging there is complete diversity between the Defendants and Plaintiffs and that the amount in controversy is in excess of the court's jurisdictional $75,000.00 limit as Plaintiffs seek to void foreclosure on a note valued in excess of $318,000.00. Defendants also claim that Plaintiffs' causes of action are preempted by federal law.

Defendants' proposed discovery plan and scheduling order requests that the court stay discovery until decision of a number of dispositive motions, and allow the parties 180 days to complete discovery, measured from the date of decision of the pending motion to remand and motion to dismiss. Plaintiff submitted a proposed discovery plan and scheduling order requesting a March 30, 2013, discovery

cutoff.[1]  Plaintiffs' plan also requested a discovery order "for the following documents to be executed", specifically, a motion to produce documents and things for inspection, motion for admission statement, and motion for interrogatories.

During the hearing, Plaintiffs indicated they needed documents to verify some of the facts the Defendants are claiming.  Specifically, the Plaintiffs need to know how, when and what standards were applied to foreclose of the property and whether the Defendants own the property.  Plaintiffs also need to know whether the Defendants have the paperwork that resulted in a state court mediation procedure rescinding the foreclosure notice.  Defendants believe that the court should stay discovery until after the motion to remand and motion to dismiss are decided. The court took the matter under advisement to review the pending dispositive motions indicating a written order would follow.  The motion to remand was denied in an Order(Dkt#44) entered August 29, 2012.  Shortly after the hearing the district judge decided all of the pending dispositive motions.

In an Order (Dkt. #57) entered November 26, 2012, the district judge granted Plaintiffs' Motion to Extend Time to File Statement of Facts (Dkt. #10); granted Defendant Wells Fargo's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (Dkt. #12), and dismissed the claims against Wells Fargo without prejudice; denied Defendant Wells Fargo's Motion to Quash Service of Process (Dkt. #26) as moot; denied Defendant Wells Fargo's Motion for Hearing or Decision (Dkt. #33) as moot; and denied Plaintiff's Motion to Dismiss without Prejudice (Dkt. #39).  The order also dismissed all claims against Defendant RESI Home Loans IV, LLC with prejudice.

On December 3, 2012, the district judge entered an Order (Dkt. #61) denying Plaintiff's Motion for Leave to Amend Amended Complaint (Dkt. #50), and Motion for Default Judgment Against Fidelity National Title Insurance (Dkt. #59).  The Motion for Default Judgment against Defendant Fidelity was denied because the district judge found Plaintiffs have not personally served Fidelity either through an agent or through the Secretary of State.  Rather, Plaintiffs' proof of service indicated only that summons and complaint were sent to Fidelity via certified mail which is improper.

---

[1]At the hearing Plaintiffs acknowledged that their proposed plan contained a typographical error in requesting a March 30, 2012, cutoff.

The Complaint in this case was filed in state court and removed (Dkt. #1) May 11, 2012. Fed. R. Civ. P. 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

As the district judge has found that Plaintiffs have not properly served Defendant Fidelity National Title Insurance Company, the court will require Plaintiff to serve this Defendant with summons and complaint no later than January 7, 2013. Plaintiffs should study Rule 4 of the Federal Rules of Civil Procedure to learn how to properly serve summons and complaint. Failure to timely serve the complaint and file proof of service of the complaint will result in a recommendation to the district judge that the complaint be dismissed against Defendant Fidelity.

**IT IS ORDERED** that:

1. The Plaintiffs shall have until **January 7, 2013**, in which to serve Defendant Fidelity National Title Insurance Company with summons and complaint and file proof of service with the clerk of the court. Failure to timely comply with this order will result in the recommendation to the district judge that Fidelity be dismissed for failure to timely serve.

2. In the event Fidelity is timely served, Plaintiffs shall initiate a Rule 26(f) conference within the time required by LR 26-1(d), within thirty days after Fidelity answers or otherwise appears, and the parties shall submit a proposed stipulated discovery plan and scheduling order within 14 days of the Rule 26(f) conference. For purposes of LR 26-1(d), a motion to dismiss is an appearance.

Dated this 6th day of December, 2012.

_____
Peggy A. Leen
United States Magistrate Judge