UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERARD JUNTILLA and DIXIE JUNTILLA,<br><br>                    Plaintiffs,<br><br>      v.<br><br>RESI HOME LOANS IV, LLC f/k/a AMERICAN HOME MORTGAGE, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY; WELLS FARGO BANK, N.A., et al.,<br><br>                    Defendants. | Case No. 2:12-cv-00790-MMD-PAL<br><br>ORDER<br><br>(Motion to Expunge Lis Pendens – dkt. no. 29) |

Before the Court is Defendant RESI Home Loans IV, LLC's ("RESI") Motion to Expunge Lis Pendens. (Dkt. no. 29.) On November 26, 2012, the Court dismissed with prejudice Plaintiffs' claims against all Defendants except Defendant Fidelity National Title Insurance Company ("Fidelity"). (Dkt. no. 57.) On December 3, 2012, the Court denied Plaintiffs' Motion for Default Judgment against Fidelity. (Dkt. no. 61.)

A district court may dismiss claims *sua sponte* pursuant to Rule 12(b)(6), without notice, where a claimant could not possibly win relief. *Omar v. Sea-Land Serv., Inc.,* 813 F.2d 986, 991 (9th Cir. 1987) (*citing Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981)). Here, Plaintiffs cannot possibly win relief against Defendant Fidelity. The claims against Fidelity fail on the merits for the same reasons that these same claims fail against Defendant RESI. (*See* Dkt. no 57.)  Because the Court dismissed the claims against

RESI with prejudice, the same claims against Fidelity should be dismissed on the same grounds without requiring Plaintiffs to go through the process of serving Fidelity.[1] Accordingly, claims against Fidelity are dismissed.

Because the Court has dismissed all of Plaintiffs' claims, the Court GRANTS RESI's Motion to Expunge Lis Pendens.[2] (Dkt. no. 29.)

IT IS FURTHER ORDERED that claims against Fidelity are DISMISSED WITH PREJUDICE.

The Clerk is directed to close this case.

DATED THIS 11th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] The Magistrate Judge ordered Plaintiffs to serve Fidelity with summons and complaint and file proof of service with the clerk of the court before January 7, 2013. (Dkt. no. 64.)   However, service is not necessary because Plaintiffs cannot possibly win relief against Fidelity

[2] NRS § 14.010 allows a notice of pendency or a lis pendens to be filed for an action in the United States District Court for the District of Nevada when there is "a notice of an action affecting real property, which is pending," in any such court.  NRS § 14.010(2).