UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| GERARD JUNTILLA and DIXIE JUNTILLA,<br><br>                     Plaintiffs,<br>    v.<br><br>RESI HOME LOANS IV, LLC f/k/a AMERICAN HOME MORTGAGE, INC.; FIDELITY NATIONAL TITLE INSURANCE COMPANY; WELLS FARGO BANK, N.A., et al.,<br><br>                     Defendants. | Case No. 2:12-cv-00790-MMD-PAL<br><br>ORDER<br><br>(Motion to Vacate – dkt. no. 70;<br>Motion to Stay – dkt. no. 71) |
|---|---|

## I.    INTRODUCTION

Before the Court are Plaintiffs' Motion to Vacate Order on Motion to Expunge *Lis Pendens* ("Motion to Vacate") (dkt. no. 70) and Motion to Stay All Pending Motions and Proceedings Pending Further Determination of the Issues Plead ("Motion to Stay") (dkt. no. 71).[1] The Court has also considered Defendant RESI's ("RESI" or "Homeward") response. Plaintiffs did not file a reply. For the reasons discussed below, these motions are denied.

## II.    BACKGROUND

The facts giving rise to this case are set out more particularly in the Court's prior Order entered on November 26, 2012. (Dkt. no. 57.)  In that Order, the Court dismissed

---

[1] The Court notes the Motions are identical but were filed as two separate motions.

with prejudice all claims against Defendants Wells Fargo and RESI. On November 19, 2012, Plaintiffs sought leave to amend their complaint to add Homeward Residential, Inc. ("Homeward") based on Homeward's representation that it was erroneously named in this action as RESI. (Dkt. no. 50.) However, because the Court dismissed with prejudice claims against RESI, the Court denied leave to amend as futile. (Dkt. no. 61.)

On December 11, 2012, this Court dismissed all remaining claims with prejudice and granted the Motion to Expunge *Lis Pendens*. (Dkt. no. 65.) Based on a wording error making the Order expunging *lis pendens* not recordable under Nevada Revised Statutes § 14.015, this Court entered an amended Order correcting the wording. (Dkt. no. 68).

Thereafter, on January 16, 2013, Plaintiffs moved this Court to vacate the Order expunging the *lis pendens* and to stay all proceedings pending Homeward proferring evidence of standing.

**III.   DISCUSSION**

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Dismissal of the case with prejudice for failure to state a claim is a final judgment, which is properly appealable under Rule 60.

Plaintiffs' arguments in support of the motions fail for three reasons. First, Plaintiffs have not set forth any facts or grounds justifying relief from this Court's prior Order. Instead, Plaintiffs raise, yet again, the already rejected "show me the note" argument. The "show me the note" argument has been resoundingly rejected in Nevada. *See, e.g., Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304, 2009 WL 160241, *4-*5 (D. Nev. Jan. 22, 2009). Defendants do not need to produce the note to the property in order to proceed with a non-judicial foreclosure. *See* NRS § 107.080.

Second, Plaintiffs' specious argument that Homeward should provide "the necessary documents that support standing to expunge said lis pendens" is belied by

Plaintiffs own admission that in or about February 2012, "Homeward by and through merger" "did take over" title to the real property at issue. (Dkt. no 70 at 2.) More importantly however, Plaintiffs do not attack the Order dismissing the Complaint, the basis for the Order expunging the *lis pendens*. Instead, Plaintiffs only attack the Order expunging the *lis pendens* without offering any facts or law in support of the *lis pendens* as required by law. *See* N.R.S. § 14.015(3) (requiring the party who recorded the *lis pendens* to establish the likelihood of success on the merits).

Third, as to Plaintiffs' request to stay, the Court denies this motion as moot. There are no pending matters before this Court. This Court has already dismissed the Complaint in its entirety with prejudice and expunged the associated *lis pendens*.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Vacate is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Stay is DENIED.

DATED THIS 29th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE